UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, Plaintiff, v. KEN SALAZR, Secretary, and U.S. DEPARTMENT OF INTERIOR, Defendants, and PETROLEUM ASSOCIATION OF WYOMING, STATE OF WYOMING, WYOMING STOCK GROWERS ASSOCIATION, STATE OF UTAH, STATE OF IDAHO, QEP RESOURCES, INC., SWEPI LP, ULTRA RESOURCES, INC., and EOG RESOURCES, INC. Intervenor-Defendants. | Case No. 4:08-cv-00516-BLW **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for partial dismissal filed by the BLM and

joinders in that motion filed by the intervenor-defendants. The motion is fully briefed

and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In this lawsuit, WWP claims the BLM is not adequately protecting the sage

grouse. WWP challenges sixteen Resource Management Plans (RMPs) governing BLM

land in a six-state area that comprises the range of the sage grouse. WWP alleges that the

BLM failed to adequately consider the impacts of grazing and energy development projects on the sage grouse and its habitat in preparing the RMPs and their associated Environmental Impact Statements (EISs).

Just over a year after this lawsuit was filed, the Fish and Wildlife Service (FWS) announced that a listing of the sage grouse under the Endangered Species Act ("ESA") was "warranted but precluded" by higher priorities under the ESA. More recently, the FWS decided to reevaluate that finding, with a goal to complete the reevaluation by September of 2015. The FWS's reevaluation prompted the BLM to reevaluate 14 of the 16 RMPs at issue here with the goal of keeping the sage grouse from being listed under the ESA. The BLM plans to complete its reevaluation of the 14 RMPs sometime next month – November of 2014.

In the meantime, the 16 RMPs challenged by WWP continue to govern grazing and energy development. To make this sprawling case more manageable, the parties agreed to break these 16 RMPs into subgroups and litigate them sequentially. The first subgroup consisted of the RMPs for Craters of the Moon and Pinedale. The Court found that both RMPs failed to comply with the National Environmental Policy Act and the Federal Land Policy and Management Act. *See Memorandum Decision (Dkt. No. 131).* The Court remanded both RMPs to the BLM to correct the deficiencies.

The parties agreed that the next group of RMPs to be litigated would be the Ely RMP in Nevada and the Surprise, Eagle Lake, and Alturas RMPs in Nevada and California. But before that briefing started, the BLM and defendant-intervenors (States

of Idaho, Utah, and Wyoming, along with the Petroleum Association of Wyoming, the Wyoming Stock Growers Association, QEP Resources, Inc., and EOG Resources, Inc.) filed the motion now before the Court – a motion for partial dismissal – seeking to have much of the case stayed or dismissed under the doctrine of prudential mootness.

## ANALYSIS

The BLM argues that because it will soon complete its reevaluation of 14 of the 16 RMPs at issue here, litigating the existing RMPs could be a waste of time. That would be true if the BLM modifies those RMPs in ways that affect WWP's challenges. But if the RMPs emerge with the same flaws that WWP identified, this action is unaffected. In any event, we should know in the next month or two the results of the BLM's reevaluation.

It would be prudent to wait for those results before briefing on the next round of RMPs. But that can be accomplished with an agreed-upon briefing schedule rather than a dismissal or stay of the lawsuit. The parties can adopt a briefing schedule that takes into account a slight delay of a month or two until the BLM's reevaluation is done. If the RMPs are not modified to affect WWP's challenges, the briefing schedule goes forward and the case proceeds. If the RMPs are modified to affect WWP's challenges, the parties can meet together and conference with the Court to determine how to proceed. But at this point no dismissal or stay is necessary and the motion will therefore be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for partial dismissal or stay (docket no. 241) is DENIED.

DATED: November 7, 2014

B. Lynn Winmill
Chief Judge
United States District Court